UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TRACY PAINTER,
    Petitioner,

v.

SUPT. WILSON, et al,
    Respondents.

Civil Action No. 05-588

Judge Joy Flowers Conti
Magistrate Judge Lisa Pupo Lenihan

### MEMORANDUM ORDER

On May 5, 2005, Petitioner Tracy Painter filed a Petition for Writ of Habeas Corpus (Doc. 1) with this court. Therein, he raises numerous claims for relief, including at least one claim that was being litigated before the Superior Court of Pennsylvania pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA").

Presently pending before this court is Respondents' Motion to Dismiss. (Doc. 7). They contend that the instant federal habeas petition should be dismissed without prejudice because Petitioner is still "exhausting" his state court remedies, *i.e.*, pursuing an appeal with the Superior Court challenging the Court of Common Pleas of Westmoreland County's denial of PCRA relief.[1]

---

[1] On August 7, 2001, Petitioner filed his first PCRA petition. The Common Pleas Court denied the request for PCRA relief on November 26, 2003. According to Petitioner, he did not learn of the Common Pleas Court's decision until May 12, 2004. (Doc. 1 ¶ 12(e)).

On September 30, 2004, Petitioner filed a second PCRA petition in which he raised, *inter alia*, a claim based upon alleged newly-discovered evidence located at Mayview Hospital. (Doc. 1 ¶ 12(b)(3)). The Common Pleas Court denied the second PCRA petition on February 20, 2005. Petitioner claims that he was not notified of that decision until April 26, 2005. (Doc. 1 ¶ 12(e)). He filed an appeal with the Superior Court and the case was docketed at 1341 WDA 2005.

1

The Superior Court docket, of which this court may take judicial notice, reflects that on December 28, 2005, the Superior Court affirmed the Common Pleas Court's denial of PCRA relief. Accordingly, Respondents' Motion to Dismiss (Doc. 7) is DISMISSED AS MOOT.

Respondents are directed to file an Answer to Petitioner's federal habeas petition on or before February 6, 2006. The Answer shall address whether Petitioner's claims are barred by the statute of limitations under 28 U.S.C. § 2244(d),[2] and the merits of the petition. The Answer shall comply with the requirements of Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts. The Respondents shall furnish this court with the state court records, including all relevant transcripts, all briefs filed by the parites, and all written opinions of the state courts, as well as a certified copy of the docket sheets of all the state courts involved.

---

[2] The statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244, requires, with a few exceptions, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). In this case, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence on March 20, 2000. The Supreme Court of Pennsylvania denied his petition for allowance of appeal on October 3, 2000. It does not appear that Petitioner filed a writ of certiorari in the United States Supreme Court. If that is the case, Petitioner's judgment of sentence became final when the time period for filing a writ of certiorari expired – on or about January 21, 2001. (Under Rule 13 of the Rules of the United States Supreme Court, Petitioner had 90 days to file his petition for certiorari "from the date of entry of the judgment or order sought to be reviewed. . . ."); see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).

|  |  |
|---|---|
| Dated: January 9, 2006 | Lisa Pupo Lenihan<br>UNITED STATES MAGISTRATE JUDGE |

cc:   The Honorable Joy Flowers Conti
United States District Court Judge

All parties of record