UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY PAINTER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 05-588 |
| ) | |
| v. ) | Judge Joy Flowers Conti |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT WILSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

The Petition for Writ of Habeas Corpus filed by Tracy Painter ("Painter" or "petitioner") was received by the clerk of court in May 2005, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for a Report and Recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's Report and Recommendation, filed on July 18, 2006, recommended that Painter's claims be denied as untimely and that a certificate of appealability be denied. (Doc. 20). The magistrate judge explained that The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitation period for filing federal habeas corpus petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Painter's judgment of sentence became final on January 22, 2001, and therefore the one-year period for filing his federal habeas corpus petition ran from January 23, 2001 until January 23, 2002. His May 2005 federal habeas petition was thus untimely.

The magistrate judge further explained although AEDPA provides that "properly filed" applications for post-conviction relief that are pending during its limitations period will statutorily

toll the limitations period, 28 U.S.C. § 2244(d)(2), statutory tolling did not save Painter's petition from being untimely.  In the instant case, Painter filed his first (and only timely) state post-conviction petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") on August 7, 2001.  Thus, the first PCRA petition tolled AEDPA's statute of limitations after 196 days had already expired (January 23, 2001 to August 6, 2001).  On November 26, 2003, the state court denied Painter's petition.  Hence, the first PCRA petition continued to toll the limitations period through December 26, 2003 (the date upon which Painter's right to appeal the denial of his PCRA motion to the Pennsylvania Superior Court expired).  After that date, AEDPA's limitations period began to run again, and Painter, having approximately 169 days remaining before AEDPA's statute of limitations expired, had until on or about June 12, 2004 to file a timely federal habeas petition with this court.  He did not initiate proceedings in this court until, at the very earliest, May 2, 2005.  Thus, even with the benefit of section 2244(d)(2)'s tolling provision, his habeas petition is untimely.

Importantly, as set forth in the magistrate judge's report, Painter's second PCRA petition did not toll AEDPA's statute of limitations.  He did not file it until August 12, 2004, two months after the expiration of the limitations period (June 12, 2004).  Moreover, because the state courts determined that his second PCRA petition was untimely filed under state law, the petition does not qualify as a "properly filed" petition for state post-conviction relief under 28 U.S.C. § 2244(d)(2), and for that additional reason did not toll the AEDPA statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 413-17 (2005); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

The magistrate judge also noted that Painter was not entitled to equitable tolling of AEDPA's limitations period.  (Doc. 20 at 8-10).  Finally, the magistrate judge concluded that,

even if Painter's habeas corpus petition had been timely filed, he would not be entitled to relief because his claims have no merit or are procedurally barred.  (Doc. 20 at 10-19).

Painter filed objections to the magistrate judge's Report and Recommendation.  (Doc. 21). He contends that the magistrate judge failed "to factor" that the court-appointed attorney that represented him during his *second* PCRA proceeding, allegedly did not notify him that the state court had dismissed his second PCRA petition.  (See Doc. 21 at 1 (citing Doc. 20 at 5 n.3)).  He claims that his attorney's purported misconduct served to toll AEDPA's limitation period.

Painter's argument has no merit.  The magistrate judge did consider his contention regarding his attorney's alleged misconduct in determining whether he was entitled to either statutory or equitable tolling.  Because AEDPA's limitations period *had already expired* by the time Painter filed his second PCRA petition in August 2004, that petition, and his attorney's alleged failure to notify him that the state court had dismissed it, simply have no bearing upon the timeliness of the instant federal habeas petition.

Next, Painter contends that his first PCRA petition equitably tolled AEDPA's limitation period because his court-appointed counsel on his first PCRA petition, allegedly failed to inform him that the state court had denied that petition.  This contention also has no merit.  Even assuming *arguendo* that Painter's allegation is true, that conduct does not rise to the level of "extraordinary" circumstances necessary to apply equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Schlueter v. Varner, 284 F.3d 69, 76-78 (3d Cir. 2004) (attorney's misconduct did not constitute an extraordinary circumstance where that attorney did not keep his promise to file petitioner's PCRA petition on time and failed to communicate further with petitioner about the status of his

petition.); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not warranted where the petitioner relied on erroneous advice from his state public defender that he had one year from the date of denial of post-conviction relief to file his federal habeas petition). In LaCava v. Kyler, 398 F.3d 271 (3d Cir. 2005), the court of appeals found that an attorney's failure to notify a petitioner of the state court's disposition of his case did not rise to the level of an extraordinary circumstance.  The court stated:

> We note that LaCava was represented by counsel during his state collateral proceedings, including the filing of his petition for allowance of appeal. Accordingly, LaCava was not entitled to personal notice of the Pennsylvania Supreme Court's order.  See Pa.R.App.P. 1123(a).  LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. . . .  LaCava advances no allegations of attorney malfeasance that would elevate this case to an "extraordinary circumstance" sufficient to warrant equitable tolling.

Id. at 276.

Finally, on November 20, 2006, petitioner filed a Motion for Leave to Expand Record asking that the record before this court be expanded to include the opinion of the Pennsylvania Superior Court in Commonwealth v. Painter, No. 732WDA2006, dated November 2, 2006.  In affirming the dismissal of his third PCRA petition as untimely, the Pennsylvania Superior Court in that opinion found that petitioner, appellant in that matter, "failed to plead and prove the applicability of any exception to the time bar of the PCRA."  (Opinion of Pa. Superior Court, Doc. 23, 23-1 at 10).  Petitioner's Motion for Leave to Expand Record will be granted and this court considered that opinion of the Pennsylvania Superior Court; however, that opinion does not change the final determination of this court.

In conclusion, upon consideration of the magistrate judge's Report and Recommendation, Painter's objections and Painter's Motion for Leave to Expand Record, the court determines that Painter's habeas corpus petition is untimely under AEDPA's statute of limitations.

Moreover, this court further concludes that, as the magistrate judge noted, even if the petition was timely filed, Painter is not entitled to relief because his claims have no merit. There was sufficient evidence to support his convictions (claims 1 & 2), his claim that his sentence was excessive (claim 3) and his claim that the state courts erred on his PCRA appeals (claim 6) are not cognizable in federal habeas corpus review, and the remainder of his claims (claims 4 & 5(a-c)) are procedurally defaulted. (See Doc. 20 at 10-19).

Finally, Painter contends that he is entitled to an evidentiary hearing. A federal habeas corpus petitioner is not automatically entitled to an evidentiary hearing on the merits of a claim and must surmount significant statutory barriers enacted by AEDPA before a district court may conduct such a hearing. See 28 U.S.C. § 2254(e)(2). The court, however, need not determine whether Painter can surmount the statutory prerequisites for discovery on his claims because his claims are time-barred. Additionally, out of Painter's six claims, only claim 1 and claim 2 are not procedurally barred or are cognizable in habeas corpus review. Those two claims, which take issue with the sufficiency of the evidence presented at trial, however, are factually fully developed and, even if the petition had been timely filed, would not require an evidentiary hearing.

In conclusion, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the following order is entered:

AND NOW, this 30th day of November, 2006;

5

**IT IS HEREBY ORDERED** that petitioner's Motion to Expand the Record (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED** and that a certificate of appealability is denied.

The Report and Recommendation of Magistrate Judge Lisa Pupo Lenihan, dated July 18, 2006, is adopted as the opinion of the court.

                              /s/ Joy Flowers Conti
                              Joy Flowers Conti
                              U.S. District Court Judge

cc:
Lisa Pupo Lenihan
U.S. Magistrate Judge

Leo J. Ciaramitaro
Westmoreland County District Attorney's Office
lciarami@co.westmoreland.pa.us

Heidi D. Norton
O'Brien & Ryan
Hickory Pointe
Suite 300
Plymouth Meeting, PA 19462

Tracy Painter
DY-7538
SCI Fayette
Box 9999
LaBelle, PA 15450-0999